# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5713 | **DATE** | 1/27/2011 |
| **CASE TITLE** | American Taxi Dispatch, Inc. Vs. American GSS Limo, Inc. Et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for default (and default judgment) [23] is denied without prejudice for the reasons stated on the record in open court. Defendants are given to and including 2/28/2011 to retain substitute counsel or, in the case of the individual Defendants, to file a *pro se* appearance if they choose to proceed without counsel. Defendants are warned that failure to comply with this order by the now-extended due date without good cause shown may lead to the entry of a default judgment against them. Former counsel for Defendants, Mr. Memmen, is reminded of his obligation set forth in the Court's December 23, 2010 minute order [21] to serve a copy of the December 23 minute order on all Defendants by registered mail and to place on the docket a certificate of service showing compliance with this order. Counsel for Plaintiff is directed to serve a copy of this minute order and the December 23 minute order on all Defendants by registered mail (using the addresses provided on the certificate of service attached to docket entry 17) and to place on the docket a certificate of service showing compliance with this order. Please see below for further explanation.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

By way of background, Plaintiff initiated this lawsuit on September 9, 2010. Service was effectuated on each of the three Defendants [see 7, 8, 9] – a corporation and two individuals – and the Defendants filed an answer [16] to the complaint. Counsel for Defendants subsequently filed a motion to withdraw [17, 18], citing a lack of cooperation from his clients and noting that his clients had agreed to allow counsel to withdraw. On December 23, 2010, the Court granted counsel's motion to withdraw, contingent upon counsel's serving a copy of the December 23 minute order [21] on all Defendants by registered mail and placing on the docket a certificate of service showing compliance with this order. In the December 23 minute order, the Court advised Defendants that a corporate party must be represented by counsel, citing the pertinent Supreme Court authority, and gave Defendants until January 19, 2011 to retain substitute counsel or, in the case of the individual Defendants, to file a *pro se* appearance if they choose to proceed without counsel.

Regrettably, there is no sign of compliance with the Court's December 23 order, either by withdrawing counsel or by Defendants themselves. To ensure that Defendants receive notice of their obligations to properly litigate this lawsuit, the Court has directed both former counsel for Defendants and counsel for Plaintiff to serve the Court's pertinent orders on Defendants and confirm service (as set forth above).

## STATEMENT

Defendant American GSS Limo, Inc.is again advised that a corporate party must be represented by counsel. See *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("a corporation may appear in the federal courts only through licensed counsel"). And the other Defendants are reminded that they must either retain counsel or file *pro se* appearances in this case. The Court further cautions Defendants that failure to comply with the Court's order in a timely manner may lead to sanctions, up to and including the entry of default judgment. When parties to litigation disregard deadlines and fail to properly litigate a case in a timely fashion, the resulting delay in the prosecution and disposition of cases imposes significant costs and hardships on their litigation adversaries and on the judicial system. When the delays and disregard are sufficiently severe, the Seventh Circuit has held that a default judgment "may be used to bring recalcitrant litigants to heel or penalize tactics designed to cause substantial prejudice to the adversary." *Mommaerts v. Hartford Life & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007); see also *Harrington v. City of Chicago*, 433 F.3d. 542, 549-50 (7th Cir. 2006) (explaining that (1) district courts should not dismiss a case on failure to prosecute grounds without due warning to plaintiff's counsel, (2) district courts need not repeat their dismissal warnings, and (3) the district court "was on solid ground" in dismissing a case when counsel failed to appear at court date following issuance of dismissal warning); *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003); *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984).